IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRESIDENTIAL CANDIDATE P60005535, | ) ) ) | |
| *Plaintiff*, | ) ) | Case No. 1:25-cv-356-SPB |
| v. | ) | |
| KIM KARDASHIAN, *et al.*, | ) ) | |
| *Defendants*. | ) ) | |

**MEMORANDUM OPINION**

**Susan Paradise Baxter, United States District Judge**

**I.      Introduction**

Ronald Satish Emrit ("Emrit"), acting on his own behalf, commenced this civil action in

the name of "Presidential Candidate P60005535."   This Court has previously taken judicial

notice of Emrit's status as a serial, vexatious litigant. *See Emrit v. United States Pat. &*

*Trademark Off.*, No. 1:25-CV-278-SPB, 2025 WL 2988663, at *2 (W.D. Pa. Oct. 23, 2025)

(citing *Emrit v. Prince George's Cnty. Police Dep't*, No. CV 25-249, 2025 WL 2345179, at *2

(W.D. Pa. Aug. 13, 2025) (recounting "Plaintiff's proclivity for initiating frivolous and vexations

litigations on various topics in multiple U.S. District Courts throughout the country"); *Emrit v.*

*Progressive Ins. Co.*, Case No. 3:24-cv-13, 2024 WL 436385, at *2 (N.D. Fla. Jan. 11, 2024)

(identifying Plaintiff as a "'serial pro se filer' who has been a party in more than 700 federal

cases and the plaintiff in more than 400 federal cases"), *Report and Recommendation adopted*,

2024 WL 420143 (N.D. Fla. Feb. 5, 2024), *appeal dismissed*, No. 24-10413-G, 2024 WL

3664060 (11th Cir. Mar. 4, 2024); *Emrit v. Bd. of Immigr. Appeals*, Case No. 2:22-CV-00110,

2022 WL 4287659, at *1 & n.1 (S.D. W. Va. Mar. 31, 2022) (court noting that Emrit had filed

cases "nationwide, from Maine to Hawaii" and cataloguing all the various cases that were dismissed as meritless and frivolous), *Report and Recommendation adopted*, 2022 WL 3594518 (S.D. W. Va. Aug. 23, 2022).

In this lawsuit, Emrit has named some twenty-eight (28) Defendants. These include a mish-mash of public or historical figures (such as Kim Kardashian, Kelly Clarkson, Ye West, and "Pope Sixtus IV"), private individuals (including Emrit's own nephew, "Daryl Christopher Brooks 'also known as' Crooks...."), and various inanimate concepts, places, or things (*e.g.*, "The Creation of Adam Painted by Michaelangelo," "the country of Denmark," "Schrodinger's Cat," "ALDI Grocery Store," "ETSY Online Shopping," and "the City of Key West, Florida"). He seeks leave to prosecute his complaint *in forma pauperis* ("IFP") and has filed an affidavit in support of his IFP application. ECF No. 1.

## II.    Review of Plaintiff's Application for Leave to Proceed in Forma Pauperis

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis when determining whether to direct service of a complaint in cases where the plaintiff seeks to proceed *in forma pauperis*. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). First, the district court evaluates a litigant's financial status and determines whether he or she is eligible to proceed *in forma pauperis* under § 1915(a); second, the court assesses the complaint under § 1915(e)(2) to determine whether it is frivolous or otherwise subject to *sua sponte* dismissal. *Id.* (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)); *see Brown v. Sage*, 903 F.3d 300, 304 (3d Cir. 2018) (describing two-step process for evaluating a petitioner's motion to proceed in forma pauperis on appeal); *Schneller v. Abel Home Care, Inc.*, 389 F. App'x 90, 92 (3d Cir. 2010); *Rogers v. United States*, 248 F. App'x 402, 402-03 (3d Cir. Sept. 21, 2007).

Here, Emrit's motion for leave to proceed *in forma pauperis* will be granted, as it appears that he lacks sufficient funds to pay the required filing and administrative fees in this action. Accordingly, the Clerk will be directed to file his complaint as a separate docket entry.

## III.    Review of Plaintiff's Complaint Under 28 U.S.C. §1915(e)

### A. Governing Legal Standards

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: (1) is based upon an indisputably meritless legal theory and/or, (2) contains factual contentions that are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Whether a complaint fails to state a viable claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). When reviewing a complaint to determine whether it states a cognizable legal claim, we accept the well-pled factual averments as true and construe all reasonable inference arising from the facts in favor of the complainant. *See Taksir v. Vanguard Grp.*, 903 F.3d 95, 96-97 (3d Cir. 2018). However, the Court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotations and citations omitted). Although a complaint does not need detailed factual allegations to survive a Rule

12(b)(6) review, it must contain more than just labels and conclusions or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Here, Plaintiff is proceeding *pro se.* Therefore, his complaint must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini,* 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)); *see also Erickson v. Pardus,* 551 U.S. 89, 94 (2007). But while courts construe *pro se* pleadings liberally, "there are limits to [this] procedural flexibility," and the litigant must still allege sufficient facts to support a valid claim. *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013).

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to §1915, a court must grant the plaintiff leave to amend the complaint, unless further amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 (3d Cir. 2002).

   B.  Analysis

   As is typical of Emrit's lawsuits, the allegations in this case lack any arguable basis either in law or in fact. *Neitzke,* 490 U.S. at 325, 327. Much of his pleading addresses abstract concepts such as immortality, religion and time travel. The complaint contains numerous stream of consciousness allegations touching upon, *e.g.,* Albert Einstein's theory of special relativity, eternal salvation and immortality, free will, the Holy Grail, the "Big Bang" theory, the "Yang-Mills Theory" and "gauge symmetry," and "Spontaneous Symmetry Breaking." ECF No. 1-2, ¶¶ 1-14. At another point, the complaint addresses how Emrit met Defendant Sabine Aisha Jules in Fort Lauderdale, Florida and later got into an argument with her at a Hooters restaurant. *Id.*

4

¶¶53-56. Emrit appears to believe that this restaurant has some connection to "cancer cells, oncogenes, retroviruses, and doll eyes." *Id.* at ¶57.

However, Emrit's primary grievances concern journalist Erin Burnett of CNN, celebrity personality Kim Kardashian, and an individual by the name of Maria Cherniavska. Emrit alleges that, approximately ten years ago, Burnett referred to the daughter of Steph Curry as "annoying" -- a remark which he considers racist. ECF No. 1-1, ¶¶66-67. Emrit also complains that Burnett has defamed both President Clinton and President Trump "by insinuating that both of them are on a client list maintained by either Jeffrey Epstein or Ghislain Maxwell." *Id.*, ¶70. As for Kim Kardashian, Emrit appears to believe that she is among the "socialites who promote [a] feminist agenda that emasculates weak males" and motivates liberals to oppose the Trump administration. *Id.*, ¶76. Defendant Maria Cherniavska is a Ukrainian woman with whom Emrit had prior communications. *Id.* at ¶72. According to the complaint, Emrit paid approximately 300 Euros in 2022 to fund Cherniavska's transport from Kharkiv, Ukraine to Warsaw, Poland; but at some point in 2025, Cherniavska deactivated her Whatsapp account ended further communication. *Id.* at ¶¶72-73.

The Complaint purports to set forth four causes of action. Count I is a public nuisance claim premised on Kardashian's alleged involvement in emasculating males. ECF No. 1-1 at ¶¶76-83. Count II is styled as a claim for "Industrial Espionage" but alleges that Burnett committed the tort of invasion of privacy through false light by insinuating that Presidents Clinton and Trump are on the Epstein client list. *Id.*, ¶¶84-86. Count III sets forth a claim for intentional infliction of emotional distress based on Burnett's alleged insinuations that Presidents Clinton and Trump were Epstein clients. Emrit also asserts that Ms. Cherniavska intentionally inflicted emotional distress upon him by deactivating her Whatsapp accounts without informing

him. *Id.*, ¶¶87-90.  Count IV alleges that Kardashian has tortiously interfered with business relations and contracts by "creating a culture in Hollywood that actively tries to emasculate weak males ...." *Id.* ¶91.

Emrit's complaint suffers from numerous incurable defects and must be dismissed. First, no legal relief can attach to those "Defendants" who are not individuals or legal entities capable of being sued. Fed. R. Civ. P. 17.  These include, *e.g.:*  Michelangelo's "The Creation of Adam," the Sistine Chapel, Pope Sixtus IV (who died in 1484), the Bering Strait, the "Copenhagen Interpretation of Quantum Physics/Mechanics," "Schrodinger's Cat, or "The Blair Witch (Moll Dyer) of Leonardtown, Maryland."

Second, as to those Defendants who are capable of being sued, this Court lacks jurisdiction over any putative claim.  Article III of the United States Constitution limits a federal court's jurisdiction to actual cases or controversies. U.S. Const., art. III, § 2, cl. 1.  For there to be a "case or controversy" under Article III, the plaintiff must have a "personal stake" in the case, or "standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).  The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  To do so, the plaintiff must demonstrate "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Ramirez*, 594 U.S. at 423 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Id.* (internal quotations and citation omitted).

Here, Emrit has not established that he has standing to sue anyone regarding Burnett's

alleged insinuations about Presidents Clinton or Trump being in the Epstein files.  Emrit's

description of himself as a Trump supporter and his claim that he is negatively affected by the

"media's relentless and nonstop coverage of this defamatory publication[]" is insufficient to

show any injury in fact to himself.  Nor has Emrit established standing relative to his complaints

about Kardashian emasculating "weak" men.  And as for most of the other individuals, countries,

or businesses named as "Defendants" -- including the countries of Greenland and Denmark,

Sabine Aisha Jules, Jeffrey Rodriguez, Gregory Legagneur, Alexandra Legagneur, ALDI

Grocery Store, ETSY Online Shopping, Kelly Clarkson, Kelly Ripa, Ryan Seacrest, A$AP

Rocky, Robin Rihanna Fenty, Ye West, the "City of Key West," Opus Dei, and Governor Oden

Bowie -- Emrit has made no allegations tying any of these Defendants to a particularized,

redressable injury that he suffered.  *See Presidential Candidate No. P60005535 v. Kardashian*,

No. 3:25-CV-2695-JES-VET, 2025 WL 2962003, at *2 (S.D. Cal. Oct. 20, 2025) ("Plaintiff

argues that he was wrongfully denied a Section 8 Housing voucher but does not state any facts

tracing that injury to acts by any Defendant.  Plaintiff does not state how he individually was

injured by Defendants allegedly emasculating various public figures or by tortious interference

with business relations. Further, Plaintiff cannot bring an action based on defamation on behalf

of the President.").

Emrit comes closer to alleging personal injury in his claim against Cherniavska and in his

averment that his nephew, Daryl Christopher Brooks, is a "nuisance . . . with his unwelcome

guests and trap music." ECF no. 1-2, ¶33.  But even if Emrit can establish standing to sue

Cherniavska and Brooks, these claims otherwise fail for lack of subject matter jurisdiction.

Though Emrit cites diversity-of-citizenship as a basis for this Court's jurisdiction, 28 U.S.C.

§1332, he concedes that "the amount in controversy does not exceeds [sic ] $75,000 (i.e. $0 is less than $75,000)...." ECF No. 1-2 at 7, ¶52. Therefore, he acknowledges that "this court does not have jurisdiction based on the amount in controversy." *Id.*[1]

Nor does any basis exist for this Court to exercise federal question jurisdiction. On the contrary, all of the putative claims in the complaint implicate state law. Emrit asserts that a federal question is present because "this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." ECF No. 1-2 at 7, ¶49. Elsewhere, he makes passing reference to the Federal Tort Claims Act. *See id* at 2. But Emrit has not alleged facts that could plausibly establish his standing to sue any of the named Defendants under these federal laws.

Moreover, it is clear from a review of the complaint that venue does not lie in this judicial district. *See* 28 U.S.C. §1391(b). None of the Defendants identified in the complaint are residents of this Commonwealth, nor do Emrit's allegations suggest that any part of the events or omissions giving rise to his putative claims occurred here. Notably, Emrit identifies himself as a resident of both Nevada and Maryland, but not Pennsylvania. He further suggests that the U.S. District Court for the District of Alaska is the proper forum for his claims. See ECF No. 1-2 at 7, ¶¶48-49. In sum, this judicial district plainly is not the appropriate venue for Emrit's lawsuit.

## IV.    Conclusion

Based upon the foregoing reasons, the Plaintiff's motion for leave to proceed *in forma pauperis* will be granted. However, the complaint will be dismissed without prejudice for lack

---

[1] The complaint also suggests that Emrit and his nephew live in the same building, which obviously casts doubt on the diversity of their citizenship.

8

of jurisdiction.  The dismissal of the complaint will be without leave to amend, as further amendment would be futile.  *Grayson,* 293 F.3d at 114.

An appropriate order follows.

SUSAN PARADISE BAXTER
United States District Judge